**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **No. 4:05CR71-DJS** |
| | ) | |
| **JOHN McCORMACK LEWIS, JR.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

<u>**ORDER**</u>

On July 8, 2005, this Court sentenced defendant John McCormack Lewis, Jr. to a prison term of 150 months on a charge of being a felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1). Defendant had entered a plea of guilty to the charge on April 14, 2005. No appeal was taken.

On September 29, 2008, the Clerk received a letter from defendant, acting pro se, in which he invoked the Freedom of Information Act but expressed no specific request for particular documents relating to this case. The Clerk of the Court responded by letter dated October 31, 2008, in which he advised defendant that the court is not an "agency" within the meaning of the Freedom of Information Act, but that copies of public documents filed in the case are available at a fee of fifty cents per page. The Court has now received another letter from defendant, in which he states he has need of "court documents in order to prepare a pro-se

document per the crack reduction amendment." Letter [Doc. #40].
Defendant inquires whether he can be declared indigent and provided
copies of court documents without payment of the otherwise-
applicable fee.

Particularly in the context of this closed criminal case,
the Court is unaware of any authority for the free provision of
copies of documents in the court file. Even for purposes of
preparing a motion to vacate, set aside or correct sentence
pursuant to 28 U.S.C. §2255, neither statutory authority nor the
Court's practice requires the provision of free copies of
transcripts or other court records to criminal defendants for their
prospective use in formulating §2255 motions.[1] The Court would
apply the same rationale to the provision of free copies of other
portions of the record in the criminal case. The Court would
likewise apply the rationale with respect to a defendant's
prospective use of court documents for the future filing of a
motion for resentencing pursuant to 18 U.S.C. §3582(c)(2), which is
presumably what defendant refers to as a "crack reduction
amendment." In any event, defendant having been convicted of and

---

[1] The Eighth Circuit, citing 28 U.S.C. §753(f), has held that "any request for a free transcript prior to the filing of a section 2255 complaint is premature." United States v. Losing, 601 F.2d 351, 352 (8th Cir. 1979); see also Bryan Chapman v. United States, 55 F.3d 390, 390-91 (8th Cir. 1995). Section 753(f) requires that transcripts be provided at government expense only upon certification by the Court that a §2255 motion already on file is not frivolous and that a transcript is needed to decide the issues presented.

sentenced on a firearm charge unaffected by recent amendments to the Sentencing Guidelines applicable to crack cocaine, defendant fails to explain or demonstrate a need for court documents relating to those changes. Finally, defendant again has failed to particularly identify what documents he seeks.

Upon careful consideration of all the foregoing, the Court will direct the Clerk to provide defendant with a copy of the docket sheet in this case, but will otherwise take no further action on defendant's letter of November 24, 2008, received and docketed by the Clerk on December 1, 2008 [Doc. #40]. Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall mail a copy of the docket sheet in this matter to defendant John McCormack Lewis, Jr., and the Court will take no further action on defendant's letter of November 24, 2008, filed December 1, 2008 [Doc. #40].

Dated this ____3rd____ day of December, 2008.


/s/Donald J. Stohr_____
UNITED STATES DISTRICT JUDGE